UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-195-H

JERRY W. DAVIS                     PLAINTIFF

V.

SIEMENS MEDICAL SOLUTIONS USA, INC.         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jerry Davis ("Davis"), has moved to revise the Court's order entered on November 8, 2005. In that order, the Court dismissed, *inter alia*, Davis's claim for the non-payment of wages under Ky. Rev. Stat. § 337.385. Plaintiff argues that the dismissal of that claim was improper. The Court dismissed the claim because Davis failed to assert his entitlement to commissions before the Labor Cabinet prior to filing his lawsuit in federal court. The Court's reasoning was supported by two Kentucky Court of Appeals cases, *Early v. Campbell County Fiscal Court*, 690 S.W.2d 398 (Ky. Ct. App. 1985), and *Noel v. Season-Sash, Inc.*, 722 S.W.2d 901 (Ky. Ct. App. 1986). However, prior to the issuance of the Court's November 8th order, the Kentucky Supreme Court overruled both of those decisions in *Parts Depot, Inc. v. Beiswenger*, 170 S.W.3d 354, 362 (Ky. 2005).[1] In that case, the Supreme Court held that Kentucky courts have subject matter jurisdiction over a claim for non-payment of wages under section 337.385 regardless of whether the plaintiff asserts the claim before the Labor Cabinet prior to filing suit. *Id.* at 362. Therefore, Davis's failure to exhaust his remedies

---

[1] The *Parts Depot* decision was rendered on August 25, 2005 and released for publication on September 15, 2005.

in front of the Labor Cabinet does not require this Court to dismiss the claim.

Nevertheless, Siemens is still entitled to summary judgment on Davis's claim for non-payment of wages on other grounds. Under section 337.385, an employee has the right to assert a private cause of action against her employer for failing to pay her the compensation to which she is entitled. Here, Davis claims that Siemens failed to pay him an override commission for every sale made during his tenure in national and government accounts. Because Kentucky imposes no statutory duty to provide an override commission, Davis must show that the override commission had been "agreed upon by [Davis and Siemens] or provided to employees as an established policy" in order to prevail. Ky. Rev. Stat. § 337.010. For the reasons explained in the Court's Memorandum Opinion issued on November 8, Davis cannot prove that Siemens agreed to pay him the commissions he seeks. Furthermore, there is no evidence that Siemens had an established policy of paying such an override commission. Instead, Siemens's express policy was to pay commissions on sales for which an employee is "directly and personally responsible." Therefore, no reasonable juror could find that Davis is entitled to the commissions under Ky. Rev. Stat. § 337.385.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to revise is DENIED and Plaintiff's claim for non-payment of wages is DISMISSED WITH PREJUDICE.

cc:	Counsel of Record