UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

06 FEB 27  PM 5:30

CIVIL ACTION NO. 3:04CV-195-MO

JERRY W. DAVIS                                                                    PLAINTIFF

V.

SIEMENS MEDICAL SOLUTIONS USA, INC.                              DEFENDANT

## JURY INSTRUCTIONS

Members of the Jury, now that you have heard all of the evidence and the arguments by the attorneys, it is my duty to give you instructions as to the law applicable in this case. It is your duty as jurors to follow the law as stated in these Instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the Instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these Instructions whether you agree with it or not.

It is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses (whether live, or by read deposition) and the exhibits admitted into the record. It is your own interpretation and recollection of the events that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

In saying that you must consider all the evidence, I do not mean to suggest that you must

necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of that witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have seen and heard.

All persons are entitled to equal justice under this law. This applies to corporations, such as the defendant in this case, as well as to individuals, such as the plaintiff in this case. The parties in this case are entitled to your careful deliberation without regard to the fact that one is a corporate entity and the other is an individual.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate toward reaching an agreement, if you can do so while remaining consistent with your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous; but do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson

in this Court.

A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, will have your foreperson fill in, date and sign the verdict upon which you unanimously agree. You will then inform the court security officer that you have completed your deliberation and return with your verdict to the courtroom.

## INSTRUCTION NO. 1

### Fraudulent Misrepresentation Claim

In this case, the plaintiff, Mr. Davis, claims that the defendant, Siemens Medical Solutions USA, Inc., defrauded him by misstating the method of calculating sales commissions that he would receive as the Product Sales Executive for National and Government Accounts. In so doing, he is presenting a claim of fraudulent misrepresentation. This is not a breach of contract case. Accordingly, you are not being asked to decide whether Siemens Medical Solutions breached the terms of its written commission plan with Mr. Davis. That issue has already been decided as a matter of law by the Court. Rather, you must decide whether:

(1) Siemens Medical Solutions made a representation of a material fact to Mr. Davis;

(2) the representation was false;

(3) Siemens Medical Solutions knew the statement to be false or made the statement recklessly;

(4) Siemens Medical Solutions made the statement to induce Mr. Davis to act upon it – in other words, they intended to deceive Mr. Davis;

(5) Mr. Davis acted in reasonable reliance on the representation; and

(6) Mr. Davis suffered damages as a result of such reliance.

If you find that Mr. Davis has proved each of the six elements of a fraudulent misrepresentation claim listed above by clear and convincing evidence, you must find for Mr. Davis under Question No. 1 of the Verdict Form. If, on the other hand, Mr. Davis has failed to prove any one of these elements by clear and convincing evidence, you must find for Siemens Medical Solutions.

"**Clear and convincing evidence**" is evidence that produces in your mind a firm belief or conviction as to the matter at issue.

A "**material fact**" is a fact that is likely to affect the conduct of a reasonable person and be an inducement of the contract in question.

A representation is "**reckless**" if it is made without any knowledge of the truth or falsity of the representation or if the person making the representation knows that he does not have sufficient information to support it.

## INSTRUCTION NO. 2

### Compensatory Damages

If you find for Mr. Davis under Instruction No. 1, you must decide the issue of damages. However, if you find for Siemens Medical Solutions under that instruction, please disregard this instruction and the following instruction, and return to the courtroom.

You should award an amount of compensatory damages that reasonably compensates Mr. Davis for the loss caused by Siemens Medical Solutions's conduct. The amount of such award should be the difference between the actual value that Mr. Davis received and the value that he would have received had the alleged misrepresentation been true. This is what is referred to as the "benefit of the bargain."

Damages for speculative injuries are not appropriate, only damages for actual damages. If you have found in favor of Mr. Davis, but also find that he has not proven any actual damages, you may award what are known as "nominal damages" in the amount of $1.

Please enter the amount of compensatory damages, if any, in Question No. 2 of the Verdict Form.

## INSTRUCTION NO. 3

### Punitive Damages

If you find for Mr. Davis under Instruction No. 1, you may in your discretion award punitive damages in addition to damages to compensate Mr. Davis for his loss. Punitive damages are not required, they are damages awarded to punish a defendant for extraordinary misconduct and to serve as deterrent or warning to others not to engage in such misconduct.

To be awarded punitive damages, however, Mr. Davis must prove by clear and convincing evidence that Siemens Medical Solutions's motive for making the alleged fraudulent misrepresentation was to cause Mr. Davis injury or unjust hardship. It is not sufficient simply to find that Siemens Medical Solutions intentionally misled Mr. Davis.

Mr. Davis must also prove that Siemens Medical Solutions authorized or ratified the alleged fraudulent misrepresentation. In other words, punitive damages should only be awarded if the evidence establishes that it is more likely than not either (1) that Siemens Medical Solutions was aware that Mr. Spotts had previously engaged in a pattern of similar unacceptable behavior or (2) that Siemens Medical Solutions condoned the wrongful action taken by Mr. Spotts.

If you determine that an award of punitive damages is appropriate under the circumstances presented to you, the amount should be fair and reasonable under those circumstances. It should not be excessive, nor influenced by passion, sympathy, or prejudice, and you should consider the following factors when determining the amount of the award:

(a) the likelihood at the time of the misrepresentation by Siemens Medical Solutions that serious harm would arise from Siemens Medical Solutions's conduct;

(b) the degree of Siemens Medical Solutions's awareness of that likelihood;

(c) the profitability of the misconduct to Siemens Medical Solutions;

(d) the duration of the misconduct and any concealment of it by Siemens Medical Solutions; and

(e) any action by Siemens Medical Solutions to remedy the misconduct once it became known to Siemens Medical Solutions.

If you find that punitive damages should be awarded, please indicate the amount on Question No. 3 of the Verdict Form.